```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALLSTATE NEW JERSEY INSURANCE COMPANY, a/k/a ALL STATE INSURANCE COMPANY, | CIVIL ACTION NO. 06-6063 (MLC) |
|  | **MEMORANDUM OPINION** |
| Plaintiff, |  |
| v. |  |
| JERSEY SHORE MARINE SERVICES, INC., a/k/a JERSEY SHORE BOAT SALES, INC., |  |
| Defendant. |  |

**THE COURT** having ordered the defendant to show cause why the action should not be remanded to state court pursuant to 28 U.S.C. § ("Section") 1333 (dkt. entry no. 4); and the plaintiff bringing an action in state court to recover damages for breach of contract relating to work performed on a boat (Compl.); and the defendant removing the action under (1) "General Maritime Law of the United States within the meaning of 28 U.S.C. § 1292(a)(3)" and (2) "General Maritime Law, and Federal Statutes and Acts of Congress, specifically, that of a Maritime claim within the meaning of [Federal Rule of Civil Procedure] 9(h)" (Rmv. Not., at ¶ 2); and the defendant bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**THE RELEVANT STATUTE** providing jurisdiction over admiralty actions stating:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>

28 U.S.C. § 1333(1) (emphasis added); and it appearing that the "plain meaning of this language is by no means an intuitive matter," <u>In re Chimenti</u>, 79 F.3d 534, 537 (6th Cir. 1996); and it appearing that the emphasized language, known as the saving-to-suitors clause, has the following effect:

> Admiralty excepts a class of cases from the general rule that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant.  Common law maritime cases filed in state court are not removable to federal court, due to [the] "saving to suitors" clause.  Dating back to the Judiciary Act of 1789, this clause preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea

<u>Pierpoint v. Barnes</u>, 94 F.3d 813, 816 (2d Cir. 1996), <u>accord</u> <u>Super. Fish Co. v. Royal Globe Ins. Co.</u>, 521 F.Supp. 437, 441 (E.D. Pa. 1981); and it thus appearing that the plaintiff's claim — which the Court assumes, <u>arguendo</u>, can be construed as being an admiralty claim — is barred from being removed freely to federal court, <u>see</u> <u>Romero v. Int'l Term. Oper. Co.</u>, 358 U.S. 354, 371-72 (1959), <u>U.S. Express Lines v. Higgins</u>, 281 F.3d 383, 390 (3d Cir. 2002); and

**IT APPEARING** that this action is also an in-personam admiralty action, as the plaintiff lists a business entity as the defendant and seeks to adjudicate the interests of that specific party only, and thus the plaintiff — the "suitor" — can be "saved" from removal, see Lewis v. Lewis & Clark Marine, 531 U.S. 438, 445-46 (2001), Madruga v. Super. Ct., 346 U.S. 556, 560-61 (1954), Linton v. Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1484 n.6 (5th Cir. 1992); and it appearing, in contrast, that an in-rem proceeding — which treats a vessel as the offender, names the vessel as a defendant, and seeks to adjudicate the interests of the world at large — could be within the exclusive jurisdiction of the Court, Madruga, 346 U.S. at 560, Wehr v. Pheley, No. 99-4574, 2000 WL 236438, at *2 (N.D. Cal. Feb. 16, 2000); but it appearing that the plaintiff's choice to bring this in-personam admiralty action in state court cannot be disturbed, see Chimenti, 79 F.3d at 538 (stating same), J. Aron & Co. v. Chown, 894 F.Supp. 697, 699-700 (S.D.N.Y. 1995) (stating state-court commencement is "irrevocable election" that "forever prevents" removal), Jenkins v. Moshulu Rest., No. 86-6211, 1986 WL 12945, at *1 (E.D. Pa. Nov. 17, 1986) (remanding action even though plaintiff did not oppose removal); and the Court thus advising the defendant of the intention to remand the action to state court pursuant to Section 1333 (dkt. entry no. 4, 12-20-06 Order to Show Cause, at 3-4); and

**THE PLAINTIFF** objecting to removal, and moving separately to remand the action and for an award of costs (dkt. entry nos. 7-12, 14, 15, 17); and the Court having carefully reviewed the papers filed by the defendant in opposition to remand (dkt. entry nos. 6 & 16, 1-6-07 Def. Br. & 2-2-07 Reply Br.); and the Court not being persuaded by the defendant's arguments; and thus the Court intending to (1) grant the order to show cause, (2) deny the part of the plaintiff's motion seeking remand as moot, and (3) remand the action to state court;[1] and the Court also intending to deny the part of the plaintiff's motion seeking an award of costs, as (1) the Court has broad discretion over whether to require payment of costs, see Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996), and (2) the defendant, although not successful, provided a good-faith argument for removal, and the issues here are replete with uncertainty and complexity, see Wehr, 2000 WL 236438, at *5 (granting part of motion seeking remand under savings clause, but denying part

---

[1] The Court declines to follow Dao v. Knightsbridge Int'l Reins. Corp., 15 F.Supp.2d 567 (D.N.J. 1998) to the extent that it may be read to hold to the contrary.  (See Def. Br., at 12-13.)  See Chimenti, 79 F.3d at 538; Aron, 894 F.Supp. at 699-700; Jenkins, 1986 WL 12945, at *1.  This Court's opinion in Auerbach v. Tow Boat U.S., 303 F.Supp.2d 538 (D.N.J. 2004) does not hold to the contrary.  (See Def. Br., at 13-14.)

seeking costs);[2] and for good cause appearing, the Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

---

[2] The plaintiff also submitted — but did not electronically file — a separate motion, <u>inter</u> <u>alia</u>, to dismiss the counterclaim. (1-5-07 Not. of Mot. & Cert. in Support.) The plaintiff subsequently withdrew that purported separate motion. (Dkt. entry no. 17, 2-2-07 Pl. Counsel Letter, at 1.) The Court will not address it.

5